Charles J. Lafferty, John W. Lafferty, Ronald C. Lafferty and Mary Lafferty v. School District of Philadelphia, Appellant.

Argued October 5, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Eugene F. Brazil,* with him *Edward B. Soken,* for appellant.

*Augustus Sigismondi,* for appellees.

OPINION BY JUDGE WILKINSON, November 16, 1976:

Appellant appeals the refusal of the Philadelphia County Court of Common Pleas to grant a new trial. We affirm.

Appellees manufactured precision forged-steel threaded fittings in two buildings on the opposite sides of the same city block.[1]  Appellant filed a declaration of taking on February 5, 1970, and accepted possession on September 6, 1972.  Appellees left all their machinery, equipment and tools in place and moved only their new materials and inventory to a new plant they built ten miles away.  At trial following appellant's appeal from a board of view award, appellees contend-

---

[1] The actual manufacturing was conducted in the building on the west side of the block. The building on the east side was used for the production, service and repair of parts for appellees' machines.

ed that their former facilities, especially the building in which the actual manufacturing took place, constituted an assembled economic unit which could not be moved. Appellees also contended that the condemned building was unique. After hearing conflicting testimony, the jury answered the trial judges submission of special findings that appellees' machinery could not be moved to form a comparable economic unit elsewhere without substantial or significant injury and that the building was unique. Appellees were awarded $962,000.00. Appellant's motion for a new trial and the denial thereof followed.

Appellant argues initially that the verdict was against the weight of the evidence. We disagree. While there were certainly conflicts in the expert testimony, especially as to whether the machinery could be moved without damage, the record shows ample evidence to support the jury's findings. As the court below noted: ''Much of [the] School District's contention does not concern the issue of the weight of the evidence as it does the credibility of the experts. . . .''

Appellant alleges error in the court's submission of the uniqueness issue to the jury and in its instruction that all values are to be determined as of the date of taking, including those of personal property left as part of the alleged economic unit. However, appellant took no specific exception to either point of the charge. Its claims, therefore, cannot be heard on appeal. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Appellant contends further that the court erred in permitting evidence as to the value of stationery left on the premises.[2] Again, we cannot agree. Section 601A(b) of the Eminent Domain Code[3] permits

---

[2] The stationery was valued at $7,500.

[3] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

recovery of actual direct losses with reference to personal property which cannot be moved without substantially destroying or diminishing its utility in the relocated business.[4] The record shows that stationery came within this provision.

Nor can we agree with appellant's claim that the court erroneously permitted appellees' expert to add costs of rebuilding in determining the market value of machinery within the condemned premises. An expert may consider reproduction costs in his determination of value. *Hoffman v. Commonwealth*, 422 Pa. 144, 221 A.2d 315 (1966). The record does not show that the expert used reproduction costs in any other way. Nor does the record support the claim that appellees' expert defined market value in terms of value to the appellees.

Appellant next alleges error in the court's refusal to admit the purchase price of the condemned property. Appellant notes that such purchase occurred slightly more than five years before condemnation and cites cases in which sales more than five years before were admitted. Yet, as we have recently stated:

"It would be an oversimplification, however, to say that because we are here dealing with a five year period, which falls within the bounds of other cases where such a period has been held to be not too remote, that we can ipso facto conclude that the lower court erred when it excluded cross-examination of purchase price of the Hammaker tract. The court below is vested with broad discretion in this area. . . ." *Klick v. Department of Transportation*, 20 Pa. Commonwealth Ct. 627, 632, 342 A.2d 794, 797 (1975). Here the court observed that the structure had been partially destroyed by fire, otherwise changed and

---

[4] Since the date on which possession was transferred was September 6, 1972, appellees come within this provision. *See* 26 P.S. §1-606A.

therefore not "comparable" to its condition five years before. While another judge might have ruled otherwise, we cannot hold that this judge abused his discretion in so ruling.

Appellant further alleges error in the court's refusal to allow cross-examination of appellee as to why no records were kept concerning repairs to his machines. Appellee testified that he merely followed the advice of his accountant on such matters, and the court felt that further questioning in the area was "getting off the issue." That action was also within the discretion of the trial judge.

Finally, appellant requests a new trial on the ground of after-discovered evidence, claiming that on the date of taking it had no knowledge that the machines had not been altered as appellees alleged. As the court below ruled: "It is too late for this. Defendant had ample time before trial to discover this, if indeed, it was discovered. The most that can be said of this evidence is that it goes to credibility, rather than the merits of the case."

The record shows no other grounds for appeal.

Accordingly, we will issue the following

ORDER

Now, November 16, 1976, the order of the Philadelphia County Court of Common Pleas, dated October 23, 1975, in No. 942, February Term, denying the motion of the School District of Philadelphia for a new trial, is hereby affirmed and the appeal dismissed.